# EXHIBIT C-1

1SOS-ATTY Case 3:17-cv-01769-S   Document 1-4   Filed 07/06/17   Page 2 of 6   PageID 21

FILED
DALLAS COUNTY
5/10/2017 11:03:23 AM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

CAUSE NO. DC-17-05545

| | | |
|---|---|---|
| ECAP HOLDINGS, LLC, | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § | E-101ST _____ JUDICIAL DISTRICT |
| QUIXOTIC FARMING, LLC | § § | |
| *Defendants*. | § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION FOR DECLARATORY RELIEF

COMES NOW, ECAP Holdings, LLC ("ECAP"), and files this Original Petition for Declaratory Relief against Quixotic Farming, LLC ("Quixotic"),and would respectfully show the Court the following:

### I. DISCOVERY LEVEL

1. Plaintiff alleges that discovery should be conducted under a Level 3 Discovery Control Plan under TEX. R. CIV. P. 190.4.

### II. PARTIES

2. ECAP Holdings, LLC is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business at 6805 Hillcrest Avenue, Suite 208, Dallas, Texas 75205.

3. Quixotic Farming, LLC is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business at 903 Jackson Street, P.O. Box 228, Chillicothe, MO 64601. Quixotic engages in business in the State of Texas, but maintains no regular place of business in this state or a designated agent for service of process. Therefore,

under TEX. CIV. PRAC. & REM. CODE § 17.044(b), service of citation to Quixotic's registered agent may perfected on the Secretary of the State of Texas. Quixotic's registered agent, Robert Cowherd, may be served at 903 Jackson Street, P.O. Box 228, Chillicothe, Missouri 64601, or wherever he may be found.

### III. FACTS

5. On or about April 28, 2016, ECAP and Quixotic entered a Non-Disclosure and Non-Circumvent Agreement ("NDA") in which both parties agreed to "engage in any negotiations or to execute any agreement, understanding or undertaking whatsoever with any person or entity that has a business relationship with the other party[.]"

6. On or about June 22, 2016, ECAP and Quixotic entered an Advisory Services Agreement ("ASA") in which ECAP was to secure investments for Quixotic for both cash and equity in Quixotic.

7. Upon the execution of the ASA, ECAP was to receive a 3.5% ownership interest in Quixotic. To date, however, Quixotic has not provided this interest to ECAP.

8. Acting under the ASA, ECAP performed all necessary management services in order to secure investments for Quixotic. ECAP was able to introduce Allen Exploration, LLC ("Allen") to Quixotic as an interested investor and all signs indicated a sizeable investment was to occur.

9. On or about March 7, 2017, Quixotic sent ECAP an email indicating it intended to terminate the ASA.

10. On or about March 20, 2017, ECAP learned that discussions concerning an investment between Allen and Quixotic were continuing and upon ECAP's information and belief,

a large investment is imminent. Under the ASA, ECAP would be entitled to compensation for introducing Allen and securing the investment for Quixotic.

11. Defendant Quixotic has asserted that it has terminated the ASA with ECAP and therefore Quixotic owes no more obligations to ECAP. Further, Quixotic now plans to use ECAP's work efforts completed with the expectation of payment under the ASA, to receive a sizeable investment from Allen.

## IV. JURISDICTION

12. This Court has subject matter jurisdiction over this matter as District Courts have jurisdiction to hear and determine declaratory judgment actions brought under TEX. CIV. PRAC. & REM. CODE § 37.003.

13. Under the NDA, Defendant Quixotic agreed that the contract was signed in the State of Texas, the contract is governed by Texas Law, and that any action arising from the contract shall exclusively be instituted in the federal district or state courts in Dallas County, Texas. Further, under the ASA, Defendant Quixotic agreed to "irrevocably consent[] to the exclusive personal jurisdiction of the federal and state courts located in Dallas County, Texas[.]"

## V. VENUE

13. Venue is proper in Dallas County under the provisions found in TEX. CIV. PRAC. & REM. CODE § 15.035(a). Quixotic consented in both the NDA and the ASA that the proper venue for conflicts regarding these contracts was Dallas County.

## VI. REQUEST FOR DECLARATORY RELIEF

14. ECAP incorporates by reference each and every preceding paragraph as if restated fully herein.

15. As a result of Quixotic's actions in terminating the ASA and breaching the NDA, ECAP respectfully comes before the Court requesting a declaratory judgment against Quixotic under TEX. CIV. PRAC. & REM. CODE §§ 37.001, *et seq*. declaring the following:

   i. ECAP has fully performed its contractual obligations under the NDA and the ASA.

   ii. The Non-Circumvent clause in the NDA is enforceable against ECAP and Quixotic.

   iii. Because ECAP performed its obligations under the ASA, if Allen made an investment with Quixotic in an amount contemplated by the ASA, ECAP would be entitled to the agreed contractual compensation for its management services.

   iv. ECAP is entitled to a 3.5% ownership share in Quixotic.

## VII.  ATTORNEY'S FEES

16. ECAP has incurred costs, including reasonable and necessary attorney's fees, in seeking this declaratory judgment and is entitled to recover those costs and attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009.

## VIII.  DISCOVERY REQUESTS

17. Under Texas Rule of Civil Procedure 194, ECAP requests that Defendant disclose within fifty-one (51) days of the service of this request the information or material described in Rule 194.2(a) through (I).

## IX.  PRAYER

WHEREFORE, PREMISES CONSIDERED, ECAP prays that Defendant be cited to appear and answer and upon final trial, the Court grant ECAP's request for declaratory relief against Quixotic in determining ECAP's rights under both the NDA and the ASA; and for such

other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

                                            Respectfully Submitted,

                                            /s/ W. Kelly Puls
W. Kelly Puls
State Bar No. 16393350
Kelly@pulshaney.com

Mark A. Haney
State Bar No. 08908480
Mark@pulshaney.com

Kolter R. Jennings
State Bar No. 24094048
Kolter@pulshaney.com

PULS HANEY, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
Telephone:    817-338-1717
Facsimile:    817-332-1333